IVAN RENE MOORE
1236 Redondo Blvd
Los Angeles California 90019
Phone: (323) 932-9439
Ivan Rene Moore In Pro Se



FILED
2022 AUG 24 AM 9:40
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>DEBTOR KIMBERELY MARTIN BRAGG<br><br>IVAN RENE MOORE., an individual(s) et al.,<br>　　　　　Plaintiffs-Appellant<br><br>v.<br><br>KIMRELY MARTIN BRAGG., an individual(s) et al.,<br>　　　　　Defendants-Appellee | Case No. 2:22-CV-03451-DMG<br>Bankruptcy Case Number<br>2:16-bk-22878 BR<br>Adversary Case Number<br>2:22-ap-01058-BR<br>2:22-ap-01080-BR<br><br><br>**APPELLANT'S MOORE'S OPPOSITION TO THE ORDER TO SHOW CAUSE ISSUED BY THIS COURT DATED 8/16/22**<br><br>**ORIGINAL** |

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

**APPELLANT-PLAINTIFF IVAN RENE MOORE** hereby respectfully submits and file his opposition to this Court's Order to Show Cause Re: **ORDER TO SHOW CAUSE WHY**

1

**THE COURT SHOULD NOT DISMISS APPEAL AND REMAND TO BANKRUPTCY COURT FOR VIOLATION OF THE NOTICE OF VEXATIOUS LITIGANT:**

There appears to be a concerted efforted to unlawfully deprive this United States Citizen of his right(s) under the United States Constitution. The Supreme Court has adopted the maxim that "Justice delays is Justice denied". In the denial of this Appellant due process rights, this court has filed yet another OSC within (2) month period of time that is baseless, erroneous, false and lacks the integrity as a Court document. It is clear that this court is receiving incorrect information.

This Court should be aware that the Judge Otis Wright's order is moot with no force and effect because the Wells Fargo debt was discharged years ago therefore any rights that Wells Fargo Bank may have had had are long gone and totally extinguished. Additionally it is abundantly clear that the ruling from Judge Otis Wright has clearly states that **"any case-initiating pleading submitted by {Moore} raising any matter related to his prior dispute with WELLS FARGO BANK are presumptively barred……..………."**

### THE SPECIFICS OF THE PRE-FILING ORDER OF 5/17/18

Judge Otis Wright on May 17, 2018, over 4 years ago, did issue a pre-filing order, it is also factual that the prefiling order does not apply in any manner what-so-ever to the present bankruptcy fraud appeal issues before this Honorable Court District Court Judge Dolly Gee.

//
//
//
//
//

**JUDGE WRIGHT'S ORDER SPECIFICALLY STATES:**

"(1) Any case-initiating pleading submitted by Plaintiff must be screened to determine if does any of the following:|

    **Seeks to raise any of the claims alleged in this action;**

    **Attacks, seeks to vacate, void or expunge, or otherwise**

    **seeks challenge in any way-whether directly or indirectly-**

    **Wells Fargo's $7.1 million judgment lien to Wells Fargo's right**

    **to levy and sell personal property of Moore and the other**

    **Judgment Debtors; Or seeks to litigate ownership of 6150 Shenandoah**

    **Avenue, Los Angeles, California 90065 ("Shenandoah Residence") or the ..........**

This appeal case and these appeal issues have nothing whatsoever to do with any or relates to the Judge Wright's Order of these specific order issued, therefore there is no violation of that order. This Appeal has nothing to do with Wells Fargo Bank. It has nothing to do with the ownership of Shenandoah Residence. It surely has nothing to do with this Debtor's Bragg personal property.

Again, it is clear and irrefutable that the Bankruptcy appeal has absolutely nothing **what-so-ever** to do with Wells Fargo Bank or the issues listed in Judge Otis Wright's order.

This Bankruptcy Appeal has only to do with the Debtor /Appellee Kimberly Martin-Bragg and others again, not at all including Wells Fargo Bank. This Debtor/ Appellee Kimberly Martin-Bragg has committed, wilful Bankruptcy Fraud, Fraud upon the Court, Fraud in filing false bankruptcy petition and false bankruptcy schedules. Including but not limited to the filing of wilful false information and false declarations and under stating income and over stating expense and filing this false information with the Bankruptcy Court.

The debtor's bankruptcy filing by this debtor is an unlawful scheme of this Debtor that was concocted to obtain a bankruptcy discharged based on the wilful unlawful fraud and Fraud upon the Court as well as grand theft. Also including many other nefarious and unlawful acts that are in violation of the Bankruptcy laws and Bankruptcy code and the federal rules of court.

This Debtor in the past attempted to use the Judge Wright ruling in the furtherance of this debtor's fraud in the bankruptcy Court, Judge Russell rejected this debtor's erroneous self-serving theory.

In this debtor's first bankruptcy filing was dismissed for cause, by the Honorable Ernest M. Robles, on June 4th, 2015, case no 2:14-bk-15698. Judge Robles stated: **(See Exhibit A Pg. 2 ¶ 2)**

*"The Court is sympathetic to the challenges of the Debtor in state court. However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court. The state court has separate duties. This Court's obligation, under Title 11, Chapter 11, is to, among other things, permit debtors to timely and reasonably reorganize their debts. Reorganization is not happening here. Although this case has been pending for over a year, the Debtor has evidenced no effort or present capability to proceed toward confirmation."*

This fraud and nefarious conduct by this debtor were uncovered by Judge Robles and the case was dismissed for cause on June 4th, 2015, by the Honorable Judge Robles.

There was an erroneous untrue OSC filed by this Court, on June 16th, 2022, **Docket# 10** this court filed a OSC Re Dismissal for Lack of Prosecution filed by this Honorable Court. A simple *4 second* review of this Court Case Summary would show that in fact, this Appellant did timely file the Notice of Transcript and the subject transcript was in the possession of this Appellant Moore. Notwithstanding this Court issued a OSC Re dismissal.

This Appellant opposed this Court's OSC Re Dismissal and filed Moore's Oppositions on June 27th, 2022, **Docket #11**. This Court as of today has not respond to the Appellant's opposition to the Court's OSC that this court caused to be issued on June 16th, 2022.

This Court issuance of the OSC by The Honorable Judge Dolly M. Gee was for purportedly failure to file Notice of transcript(s) and lack of prosecution in this appeal matter. When in fact this Appellant Ivan Rene Moore, **in fact did timely file** the Notice of transcripts in this matter filed on May 20th, 2022, with the file stamp of the United States District Court per the Federal Rules of court. This Appellant filed a response on June 27th, 2022, Docket #11.

The latest OSC is unfounded, untrue and erroneous and based on the forgoing and this opposition to the OSC issued by this Honorable Court on August 16th, 2022.

This Court should and **must** recall, dissolved and or dismiss the **ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS APPEAL AND REMAND TO BANKRUPTCY COURT FOR VIOLATION OF THE NOTICE OF VEXATIOUS LITIGANT.**

Based on the exhibits attachments and the written opposition proffered by this Appellant Moore, to the Court regarding the OSC that was filed by this Court on August 16th 2022. This Court should and must dismiss and or vacate this OSC.

This Court should also be aware that the bankruptcy Court has ruled on these issues regarding whether or not Judge Wrights ruling effected the bankruptcy Court's issues.

The Bankruptcy Court ruled that Judge Wright's ruling had nothing to do with the Debtor Bragg and the issues in the bankruptcy Court. Therefore, this issue regarding Judge Wright's order have been asserted by this Debtor Bragg and denied by Judge Russell. **(See Exhibit B Request for Transcript Page 21, lines 3-22)**

## CONCLUSION

Based on the forgoing written information and exhibits submitted by this Appellant Ivan Rene Moore, respectfully requesting this Court must and should vacate and or dismiss/dissolve the **ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS APPEAL AND REMAND TO BANKRUPTCY COURT FOR VIOLATION OF THE NOTICE OF VEXATIOUS LITIGANT.**

This Court based on incorrect and false information provided to this Court caused this OSC to be issued. This Court issued this OSC on August 16th, 2022, signed by the Honorable Dolly M. Gee, United States District Court Judge in this matter.

There was absolutely no violation of Judge Otis Wright's order. Also Judge Otis Wrights order is moot because the Wells Fargo debt was discharged years ago and has no force and or effect.

Also, it is very troubling if there were a violation of Judge Wright's Order, why would Judge Dolly M. Gee would send a purported vexatious violation to the bankruptcy court Judge Russell. This is also very strange and mind boggling. It is Judge Wright's order not a Judge Russell order.

Additionally, and with all due respect to this Court. There seems to be something unlawfully clandestine going on that is very troubling and amiss. Therefore, this Appellant is also requesting that this Court recuse itself from any cases that this Appellant Ivan Rene Moore is involved. This is an Appeal that mandates to be adjudicated on the merits and not sidetracked with frivolous and baseless OSC's on non-issues.

//

Bankruptcy Fraud and Fraud upon the Court is a very serious matter that must be tried, adjudicated and thereafter the offending party must be punished.

**Respectfully Submitted:**

**Dated: August 24th, 2022**

**Ivan Rene Moore**
**Appellant in Pro se**

## DECLARATION/AFFIDAVIT OF IVAN RENE MOORE

I, Ivan Rene Moore declare as follows:

At all times herein mentioned I am an individual over eighteen (18) years of age, residing in the County of Los Angeles, California. I make this Declaration/Affidavit based on my personal knowledge and of sound mind and if called and sworn, I could and would competently testify to the following:

1. I am the Appellant in this Appeal this is my declaration/ Affidavit in this matter.

2. I received from the United States District Court sometimes after 8/16/22 a Order to Show Cause **ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS APPEAL AND REMAND TO BANKRUPTCY COURT FOR VIOLATION OF THE NOTICE OF VEXATIOUS LITIGANT**

3. The ruling from Judge Otis Wright issued on May 17, 2018, relates to the issues involving Wells Fargo Bank.

4. This Court should be aware that the Judge Otis Wright's order is moot with no force and effect.

5. The Wells Fargo debt was discharged years ago therefore any rights or collection rights that Wells Fargo Bank had are long gone and extinguished.

6. Also, the Appeal filed in this action does not in any way relate or involve Wells Fargo Bank.

7. This Appeal relate to Bankruptcy fraud, Fraud upon the Bankruptcy court and other nefarious conduct of this debtor Bragg and others. Not including Wells Fargo Bank.

8. This court should and must vacate this OCS filed by this Court on August 16th 2022.

9. Based on the forgoing and the attached exhibits and written information and Declaration/Affidavit, this Appellant is respectfully requesting this Court to vacate and or dismiss the **ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS APPEAL AND REMAND TO BANKRUPTCY COURT FOR VIOLATION OF THE NOTICE OF VEXATIOUS LITIGANT** that was issued on August 16th 2022 by this Honorable Court Judge Dolly M. Gee, United States District Court Judge in this matter.

10. In the interest of justice and fundamental fairness, this Court should recuse itself from any case and or action involving this Appellant Ivan Rene Moore.

11. There clearly seems to be something wrong and this appellant is not receiving fair and non-bias consideration in this Court presiding by United States District Court Judge Dolly M. Gee.

12. Also, it is very troubling if there were a violation of Judge Wright's Order, why would Judge Dolly M. Gee would send a purported vexatious violation to the bankruptcy court Judge Russell.

13. This is also very strange and mind boggling. It is Judge Wright's order not a Judge Russell order.

//

//

14. This Appellant Ivan Rene Moore respectfully request that the OSC filed by this Court on August 16th, 2022, must be vacated, dismissed and or recalled.

I declare under penalty of perjury the above is true and correct under the laws of the United States of America. Dated: August 24th, 2022



IVAN RENE MOORE

# PROOF OF SERVICE

I, the undersigned, declare that I am employed in the city of Los Angeles, California. I am over the age of eighteen (18) years and I am not a party to the within action.

On August 24th 2022, I served the following document:

**APPELLANT'S MOORE'S OPPOSITION TO THE ORDER TO SHOW CAUSE ISSUED BY COURT DATED 8/16/22**

## SEE SERVICE LIST

[X] BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.

[ ] STATE- I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.**

DATED: August 24th, 2022,

*[signature]*

Stan Bethel

## SERVICE LIST

**Lee T Dicker**
Leonard Dicker and Schreiber LLP
10940 Wilshire Boulevard Suite 2100
Los Angeles, CA 90024
310-551-1987
Fax: 310-277-8050
Email: ldicker@ldslaw.com
*LEAD ATTORNEY*

**Steven A. Schuman**
Leonard Dicker and Schreiber LLP
10940 Wilshire Boulevard Suite 2100
Los Angeles, CA 90024-3936
310-551-1987
Fax: 310-277-8050
Email: sschuman@ldslaw.com

**Ronald Hills**
**1236 Redondo Blvd**
**Los Angeles, California 90019**

Case 2:14-bk-15698-ER Doc 162 Filed 06/04/15 Entered 06/04/15 09:47:38 Desc
Main Document Page 1 of 3

```
FILED & ENTERED

JUN 04 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli DEPUTY CLERK
```

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | | | |
|---|---|---|---|
| In re: | Kimberly Martin-Bragg, Debtor. | Case No.: Chapter: | 2:14-bk-15698-ER 11 |
| | | **ORDER DISMISSING CASE PURSUANT TO ORDER TO SHOW CAUSE RE: CONVERSION OR DISMISSAL [D.E. 156] AND FOR REASONS SET FORTH ON THE RECORD** | |
| | | **Advanced Hearing:** | |
| | | Date: | June 3, 2015 |
| | | Time: | 10:00 a.m. |
| | | Courtroom: | 1568 |

      On March 25, 2014, Kimberly Martin-Bragg ("Debtor") filed a voluntary individual petition under Chapter 11. On May 19, 2015, the Court issued an Order to Show Cause re: Conversion or Dismissal ("OSC") and set a hearing for June 17, 2015. D.E. 156. On May 19, 2015, the Debtor independently filed and set a hearing on the *Debtor's Notice of Motion and Motion for Order Extending Deadline to File Plan and Disclosure Statement [Second Request]* ("Motion") on June 3, 2015. On June 2, 2015, the Court posted a tentative ruling, on the docket at entry 160 and incorporated herein by reference, stating its intention that if the issues raised were not adequately addressed, the Court would dismiss the case. On June 3, 2015, the Motion came on for hearing ("Hearing"). Appearances were as stated on the record.

At the Hearing, it became abundantly clear that the Debtor would not be able to satisfy the Court's concerns regarding the issues that it raised in the OSC under 11 U.S.C. § 1112(b) and that any further continuation of this case would be unnecessary and improper. All essential parties were before the Court and had an opportunity to be heard. Accordingly and consistently with the Court's stated intention in its tentative ruling, the Court *sua sponte* moved up the hearing on the OSC to be concurrent with the hearing on the Motion.

The Court is sympathetic to the challenges of the Debtor in state court. However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court. The state court has separate duties. This Court's obligation, under Title 11, Chapter 11, is to, among other things, permit debtors to timely and reasonably reorganize their debts. Reorganization is not happening here. Although this case has been pending for over a year, the Debtor has evidenced no effort or present capability to proceed toward confirmation.

The Court's conclusion is unaffected by the Debtor's argument, made on the record that, if given a brief 30-day extension, she could propose a plan and disclosure statement without resolving disputed ownership of certain properties and without resolving other state court matters. If this was the Debtor's intention, she should have *and could have* proposed such a plan and disclosure statement long ago.

Accordingly, there is no need for further briefing and the record of this case has clearly shown that dismissal is proper at this time.

Based on the foregoing and, for the reasons stated on the record, the Court finds that "cause" exists pursuant to 11 U.S.C. § 1112(b) such that the court shall dismiss this case. 11 U.S.C. § 1112(b)(4)(A) (Providing that "cause" includes a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"); 11 U.S.C. § 1112(b)(4)(E) (Explaining that "cause" includes a debtor's "failure to comply with an order of the court"); 11 U.S.C. § 1112(b)(4)(J) (Stating that "cause" also includes a debtor's "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court").

//

Case 2:14-bk-15698-ER    Doc 162    Filed 06/04/15    Entered 06/04/15 09:47:38    Desc
                         Main Document      Page 3 of 3

In light of the numerous, violated, express bases of 11 U.S.C. § 1112(b), and based on the entire history of this case, as set forth in the OSC, and for the reasons set forth on the record at the Hearing, including considerations of the best interests of creditors, IT IS HEREBY ORDERED that:

1. The case is dismissed, the automatic stay is vacated and all pending motions and adversary proceedings are moot and dismissed;
2. All currently scheduled hearings are VACATED; and
3. The Debtors is hereby directed to pay any and all outstanding quarterly fees owed to the Office of the United States Trustee in the current amount of $650.00.

IT IS SO ORDERED.

###

Date: June 4, 2015

Ernest M. Robles
United States Bankruptcy Judge

```
 1                UNITED STATES BANKRUPTCY COURT
 2                CENTRAL DISTRICT OF CALIFORNIA
 3                          --oOo--
 4  In Re:                      ) Case No. 2:16-bk-22878-BR
                                )
 5  KIMBERLY BARBOUR,           ) Chapter 7
                                )
 6          Debtor.             ) Los Angeles, California
    _____) Tuesday, April 19, 2022
 7                                2:00 p.m.
 8                                ORDER TO SHOW CAUSE WHY IVAN
                                  RENE MOORE SHOULD NOT BE HELD
 9                                IN CONTEMPT FOR HIS WILLFUL
                                  VIOLATION OF THE DISCHARGE
10                                INJUNCTION UNDER 11 U.S.C.
                                  SECTION 524(a)
11
                      TRANSCRIPT OF PROCEEDINGS
12              BEFORE THE HONORABLE BARRY RUSSELL
                  UNITED STATES BANKRUPTCY JUDGE
13  APPEARANCES:
14  For the Debtor:             STEVEN A. SHULMAN, ESQ.
                                Leonard, Dicker & Schreiber
15                              9430 Olympic Boulevard
                                Suite 400
16                              Beverly Hills, California
                                  90212
17                              (310) 551-1987
18  For the Creditor:           IVAN RENE MOORE, IN PRO PER
                                1236 Redondo Boulevard
19                              Los Angeles, California 90019
                                (323) 932-9439
20
21  Court Recorder:             Dina Johnson
                                United States Bankruptcy Court
22                              Edward R. Roybal Federal
                                  Building
23                              255 East Temple Street
                                Los Angeles, California 90012
24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

*Briggs Reporting Company, Inc.*

```
                                                                ii
1  Transcriber:           Briggs Reporting Company, Inc.
                          9711 Cactus Street
2                         Suite B
                          Lakeside, California 92040
3                         (310) 410-4151
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                             21
 1          MR. SCHULMAN:   -- because this isn't the superior
 2  court.
 3          THE COURT:   So what I'm telling you is, I'm glad
 4  you -- because you'd be wasting Mr. Moore's time, my time
 5  and your time if you argue that Judge Wright said he
 6  couldn't file anything in the bankruptcy court.  That he --
 7  now if he said that specifically, then that's a different
 8  matter.  But I read, I read the order of what was going on.
 9  That was with Wells Fargo as I recall.
10          MR. SCHULMAN:   Right.  But the order's broader
11  than that, but it --
12          THE COURT:   No, no, I understand.
13          MR. SCHULMAN:   -- it says, "this court."  If
14  you're --
15          THE COURT:   I know.  There are often unintended
16  consequences.  I have to read the pleading to understanding
17  what the battle was, and then issue an order.  And it was
18  too broad.  He never intended -- he could have if the facts
19  were there, said and he -- and Mr. Moore can't file anything
20  in the --
21          MR. SCHULMAN:   Okay.
22          THE COURT:   He didn't do that.
23          So what I'm suggesting to you -- that is what he
24  did.  He did it in his case.  That if you really feel that
25  it should -- nothing should be filed, that's one thing to
```

*Briggs Reporting Company, Inc.*